# IN THE UNITED STATES DISTRIC COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Neris Ramon Benitez, | ) | |
| Guadalupe Torres Giron, | ) | |
| Jose Alberto Castillo Martinez, | ) | |
| Angel Mario Castillo, and | ) | |
| Hugo Najera Santos, | ) | |
| c/o D.C. Employment Justice Center | ) | |
| 727 15th Street, NW 2nd Floor | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| BRW, Inc. d.b.a. Captain White Seafood City | ) | |
| 1100 Maine Avenue, SW | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Sunny White | ) | |
| 1100 Maine Avenue, SW | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Billy Ray White | ) | |
| 1100 Maine Avenue, SW | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Penny White | ) | |
| 1100 Maine Avenue, SW | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Justin White | ) | |
| 1100 Maine Avenue, SW | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Mark White | ) | |
| 1100 Maine Avenue, SW | ) | |
| Washington, DC 20024 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO RECOVER UNPAID WAGES**

1. Plaintiffs Neris Ramon Benitez, Guadalupe Torres Giron, Jose Alberto Castillo Martinez, Angel Mario Castillo, and Hugo Najera Santos, by and through their undersigned counsel, bring this civil action against Defendants BRW, Inc d/b/a "Captain White Seafood City," Sunny White, Billy Ray White, Penny White, Justin White and Mark White, seeking damages and other relief because Defendants failed to pay them the minimum wages and/or overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the District of Columbia Minimum Wage Law, D.C. Code §32-1001 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367 and the Fair Labor Standards Act, 29 U.S.C. §216 (b).

3. Venue is proper as Defendants are located within the District of Columbia and all relevant actions took place in the District of Columbia.

## PARTIES

4. Plaintiff Guadalupe Torres Giron ("Giron") is an adult resident of the District of Columbia.

5. Plaintiff Jose Alberto Castillo Martinez ("Martinez") is an adult resident of the District of Columbia.

6. Plaintiff Angel Mario Castillo ("Castillo") is an adult resident of Virginia.

7. Plaintiff Neris Ramon Benitez ("Benitez") is an adult resident of Virginia.

8. Plaintiff Hugo Najera Santos ("Santos") is an adult resident of the District of Columbia.

9. Defendant, BRW Inc., d/b/a Captain White Seafood City, conducts business in and is incorporated and registered in the District of Columbia.

10. Defendant Sunny White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

11. Defendant Billy Ray White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

12. Defendant Penny White is an owner and/or exercises control of BRW, Inc., and she conducts business in the District of Columbia.

13. Defendant Justin White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

14. Defendant Mark White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

15. BRW, Inc. is an employer within the meaning of 29 U.S.C. § 203(d).

16. BRW, Inc. is an employer within the meaning of D.C. Code §32-1002(3).

17. Sunny White is an employer within the meaning of 29 U.S.C. § 203(d).

18. Sunny White is an employer within the meaning of D.C. Code §32-1002(3).

19. Billy Ray White is an employer within the meaning of 29 U.S.C. § 203(d).

20. Billy Ray White is an employer within the meaning of D.C. Code §32-1002(3).

21. Penny White is an employer within the meaning of 29 U.S.C. § 203(d).

22. Penny White is an employer within the meaning of D.C. Code §32-1002(3).

23. Justin White is an employer within the meaning of 29 U.S.C. § 203(d).

24. Justin White is an employer within the meaning of D.C. Code §32-1002(3).

25. Mark White is an employer within the meaning of 29 U.S.C. § 203(d).

26. Mark White is an employer within the meaning of D.C. Code §32-1002(3).

27. Guadalupe Torres Giron was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

28. Jose Alberto Castillo Martinez was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

29. Angel Mario Castillo was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

30. Neris Ramon Benitez was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

31. Hugo Najera Santos was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

32. At all times pertinent to this action, Defendants were the joint employers of Plaintiffs within the meaning of 29 U.S.C. 791.2.

**STATEMENT OF FACTS**

33. Plaintiffs worked for one or more of the Defendants at Captain White Seafood City, located at 1100 Maine Avenue, S.W., Washington, D.C. 20024.

34. The events complained of and referenced in this Complaint occurred at Captain White Seafood City, located at 1100 Maine Avenue, S.W., Washington, D.C. 20024, during the time period referenced in paragraphs 35, 37, 39, 41, and 43 below.

35. Plaintiff Giron worked for one or more of the Defendants from approximately March of 2006 through September 5, 2010.

36. Plaintiff Giron's duties included cooking, cleaning, and selling seafood to customers.

37. Plaintiff Martinez worked for one or more of the Defendants from approximately April 4, 2005, through September 5, 2010.

38. Plaintiff Martinez's duties included selling seafood to customers, including, defrosting seafood, preparing seafood for sale to customers, and cleaning.

39. Plaintiff Castillo worked for one or more of the Defendants from approximately July 2, 2007, through September 26, 2010.

40. Plaintiff Castillo's duties included cleaning, defrosting seafood, preparing seafood for sale to customers, responding to telephone orders for seafood, and selling seafood to customers.

41. Plaintiff Benitez worked for one or more of the Defendants from approximately December 1997 through September 26, 2010.

42. Plaintiff Benitez's duties included cooking, cleaning, defrosting seafood, preparing seafood for sale to customers, ordering supplies, selling seafood to customers, and tending the cash register.

43. Plaintiff Santos worked for one or more of the Defendants from approximately March 5, 2007, through September 26, 2010.

44. Plaintiff Santos' duties included cooking and cleaning.

45. Plaintiffs each regularly worked at Captain White Seafood,1100 Maine Avenue, S.W., Washington, D.C. 20024, five days per week.

46. At the time Plaintiffs' employment ended, their work week was Wednesdays through Sundays.

47. Plaintiffs regularly worked a fifteen (15) hour work day, from approximately 7:00 a.m. until approximately 10:00 p.m.

48. Plaintiffs regularly worked 75 hours per week.

49. On occasion, Plaintiffs worked more than five days per week.

50. Defendants did not require Plaintiffs to "clock in" when they started work each day or to "clock out" when they ended work each day.

51. Defendants did not require Plaintiffs to otherwise record their work hours.

52. Defendants did not record Plaintiffs' work hours.

53. Pursuant to 29 C.F.R. §516 and D.C. Code §32-1008, Defendants are required to maintain a record of the hours worked each work day and each work week by any employee.

54. Plaintiff Giron was paid $100 per day, or $500 per week.

55. Plaintiff Martinez was paid $150 per day, or $750 per week.

56. Plaintiff Castillo was paid $135 per day, or $675 per week.

57. Plaintiff Benitez was paid $175 per day, or $875 per week.

58. Plaintiff Santos was paid 135 per day, or $675 per week.

59. During the months of November through February or March, Defendants told Plaintiffs that Plaintiffs' pay would be "discounted" – that is reduced – by ten percent (10%).

60. During the months referenced in the preceding paragraph, Plaintiffs received the following pay for a five-day work week:

(a) Plaintiff Giron received $450 per week;

(b) Plaintiff Martinez received $675 per week;

(c) Plaintiff Castillo received $607.50 per week;

(d) Plaintiff Benitez received $787.50 per week; and

(e) Plaintiff Santos received $607.50 per week.

61. Plaintiffs Giron, Martinez, Castillo, and Santos received their wages each week in cash.

62. Plaintiffs Giron, Martinez, Castillo, and Santos regularly received their pay from Justin White or Sunny White.

63. A few times, Penny White or Billy White paid Plaintiff their wages.

64. Plaintiff Benitez received his wages each week in both check and in cash.

65. Plaintiff Benitez's paychecks incorrectly reflected a total of 40 hours worked per week in weeks in which he worked more than 40 hours per week.

66. Each Defendant had the power to hire and fire Plaintiffs.

67. Each Defendant had the power to supervise Plaintiffs' work, determine his or her work schedule, and to control the work conditions of each Plaintiff.

68. Each Defendant had the power to determine rate and method of pay for each Plaintiff.

69. Defendants collectively maintained Plaintiffs' employment records.

70. At all times relevant to this action, Defendants failed to comply with the posting requirements of D.C. Code §32-1009 and 29 C.F.R. §516.4.

71. The exact amount of minimum wages and overtime wages owed to Plaintiffs can only be determined through discovery.

### COUNT 1
### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

72. Plaintiffs hereby incorporate paragraphs 1-71 as if fully stated herein.

73. Plaintiffs are "employees" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203 (e) (1).

74. Plaintiffs are "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. §213.

75. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. §203 (d).

76. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. §206 (a) (1).

77. The FLSA requires that employers pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week, pursuant to 29 U.S.C. §207(a)(1).

78. Defendants violated the FLSA by knowingly failing to pay Plaintiff Giron the minimum wage required by the FLSA, 29 U.S.C. §206.

79. Defendants violated the FLSA by knowingly failing to compensate Plaintiffs at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week, in violation of 29 U.S.C. §207(a)(1).

80. Defendants' actions in violation of 29 U.S.C. §§ 206 and 207 were willful.

81. Defendants are liable to Plaintiffs, under 29 U.S.C. §§ 206, 207 and 216 of the FLSA, for their unpaid minimum wage and overtime compensation, plus an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### COUNT 2
### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME WAGES UNDER THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT

82. Plaintiffs hereby incorporate paragraphs 1-81 as if fully stated herein.

83. Plaintiffs are "employees" within the meaning of the D.C. Minimum Wage Act, D.C. Code §32-1002 (2).

84. Plaintiffs are "non-exempt" employees within the meaning of D.C. Code §32-1004.

85. Defendants are "employers" within the meaning of D.C. Code §32-1002 (3).

86. D.C. Code §32-1003 (a) requires that employers pay non-exempt employees the federal minimum wage pursuant to the Fair Labor Standards Act, plus one dollar ($1.00).

87. Defendants violated D.C. Code §32-1003 (a) by failing to pay one or more Plaintiffs the minimum wage required by D.C. Code §32-1003 (a).

88. D.C. Code §32-1003 (c) requires employers to pay employees at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

89. Defendants violated D.C. Code §32-1003 (c) by failing to pay Plaintiffs at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

90. Defendants' actions in violation of D.C. Code §32-1003 (a) and §32-1003 (c) were willful.

91. Defendants are liable to Plaintiffs, under D.C. Code §§32-1003(a), 32-1003(c), and 32-1012(a) and (c), for their unpaid minimum wage and overtime compensation, plus an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment against all Defendants, jointly and severally, in Plaintiffs' favor on all counts, and grant the following relief:

   a. Award each Plaintiff his or her unpaid minimum wages, plus liquidated damages, pursuant to 29 U.S.C. §§ 206 and 216;

b.    Award each Plaintiff his or her unpaid overtime wages, plus liquidated damages, pursuant to 29 U.S.C. §§ 207 and 216;

c.    Award each Plaintiff his or her unpaid minimum wages, plus liquidated damages, pursuant to D.C. Code §§ 32-1003(a) and 32-1012;

d.    Award each Plaintiff his or her unpaid overtime wages, plus liquidated damages, pursuant to D.C. Code §§ 32-1003(c) and 32-1012;

e.    Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c); and

f.    Any additional relief the Court deems just.

Respectfully Submitted,

_____
Daniel A. Katz, Bar No. 447412
Andalman & Flynn, P.C.
8601 Georgia Avenue, Suite 604
Silver Spring, MD 20910
(301) 563-6685 (phone)
(301) 563-6681 (facsimile)
dkatz@a-f.net

_____
Lisa Y. Guerra, Bar No. 495450
D.C. Employment Justice Center
727 15th St. NW, 2nd floor
Washington, D.C. 20005
(202) 828-9675 ext. 25 (phone)
(202) 828-9190 (facsimile)
lguerra@dcejc.org

**COUNSEL FOR PLAINTIFFS**